ROSE D. FABBO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fabbo v. Commissioner
Docket Nos. 2058-84, 46125-85.
United States Tax Court
T.C. Memo 1987-402; 1987 Tax Ct. Memo LEXIS 399; 54 T.C.M. (CCH) 140; T.C.M. (RIA) 87402; August 17, 1987. Rose D. Fabbo, pro se. Catherine R. Chastanet, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined the following deficiencies and additions to tax in respect of petitioner's Federal income tax: Taxable
Additions to Tax  Year
Deficiency
§ 6651(a)(1) [1]
§ 6653(a)(1)&
(2)
§ 6654
1979
$ 7,215
$ 1,061.00
--
--
--
1981
18,945
3,793.25
4,646.50
*
1,090.59
*400 The issues for decision involve alleged unreported income, and substantiation of various claimed deductions, exclusions and exemptions. As a matter of convenience, we have combined our findings of fact and opinion. Some of the facts have been stipulated and are found accordingly. Petitioner resided in Island Park, New York at the time the petition herein was filed. Many disputed items have been disposed of by stipulation and others by concessions at trial and by respondent on brief. [2] We see no purpose to be served by repeating the facts involved in the items no longer in dispute. Rather, we will direct our attention to those issues that remain unresolved. Petitioner *401 bears the burden of proof as to all unresolved issues, including the additions to tax. ; , affg. a Memorandum Opinion of this Court; ; Rule 142(a). Respondent has conceded that petitioner is entitled to have her tax liability herein computed on the basis of married filing joint return rates for 1979 and 1981 (see , a concession that is advantageous to petitioner. As a consequence, her husband's income, as well as hers, must be included in the computation. [3] The record is clear that petitioner had wages of $ 17,937.44 and interest income of $ 11,408 in 1979 and $ 21,203.47 of wages and $ 25,377 of interest income in 1981. Petitioner's husband had gross receipts from his business (auto repair service) of $ 5,181.74 in *402 1979 and $ 4,680.17 in 1981. Against these amounts, respondent has allowed cost of goods sold of $ 81.64 for 1979 and $ 162.88 for 1981. Respondent also has allowed Schedule C deductions of $ 535.69 for 1979 and $ 774.80 for 1981. The amounts claimed by petitioner in excess of the amounts allowed by respondent appear to relate to expenditures in respect of the repair and maintenance of a van, which petitioner asserted was used in her husband's business. At trial, petitioner estimated that the van was driven 15,000 miles per year in transportation between the home of petitioner and her husband and the latter's place of business and 5,000 miles in carrying on his business activities. Since transportation between one's home and place of business is a nondeductible commuting expense, , it is clear that the van was not used exclusively for business purposes. Moreover, petitioner's testimony was at best a guess-estimate and standing alone is insufficient to carry her burden of proof as to the total amount of the claimed deductions. Nor are we able to accept a purported schedule of expenses allegedly prepared by her *403 husband as proof that such amounts were expended. Petitioner's husband did not testify so that clearly the schedule was heresay since petitioner admitted that she was without personal knowledge of the various expenditures set forth therein. Moreover, without the husband's testimony and/or supporting documentation, the schedule can hardly be the basis for an accurate calculation of the amount expended for business purposes. Notwithstanding the foregoing, we are satisfied that some expenditures made beyond those allowed by respondent constituted ordinary and necessary business expenses within the ambit of section 162. Bearing heavily against petitioner, , we hold that an additional $ 250 should be allowed for 1979 and the same amount of 1981. [4]
On the tax returns, see note 3, supra, petitioner and her husband claimed deductions for charitable contributions of $ 250 in 1979 and $ 325 in 1981. Respondent has conceded *404 a deduction of $ 250 in each year. With respect to 1981, petitioner produced checks totalling $ 17.50 (one of which was undated) and testified that she made cash contributions to a number of charitable organizations which she named but did not specify any dates or amounts. Petitioner has failed to sustain her burden of proving entitlement to deductions for charitable contributions in excess of the amounts conceded by respondent. With respect to the addition to tax under section 6651(a)(1), it is clear that the returns for 1979 and 1981 were filed long after their due date. See note 3, supra. Petitioner has offered no explanation which would justify the conclusion that there was reasonable cause for such delay. We reach a similar conclusion with respect to the additions to tax for negligence under section 6653(a)(1) and (a)(2). As far as section 6654 is concerned, the addition to tax for underestimation is mandatory, unless petitioner comes within one of the computational exceptions which is not the case herein. . As a consequence of the foregoing, respondent's position as to the various additions to tax is sustained. *405 In order to reflect the stipulations and concessions of the parties, Decision will be entered under Rule 155.
[5]
Footnotes
1. All section references are to the Internal Revenue Code in effect during the years in issue, and all rule references are to Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on $ 18,945. ↩
2. The Tax Court directed respondent to file the opening brief so as to give petitioner a clear picture of the issues involved herein. Petitioner did not file a brief in response although she was given ample opportunity to do so, including an extension of the time for filing. ↩
3. Petitioner and her husband filed a joint return for 1981 in early December, 1986 and for 1979 on or about May 28, 1986. Respondent has not determined a deficiency against petitioner's husband. ↩
4. We have no need to characterize these amounts as cost of goods sold or schedule C deductions because in each case, the impact on the calculation of taxable income will be the same. ↩
5. Respondent's computation in support of any decision shall set forth how each item stipulated, conceded or determined by the Court has been taken into account, including the application of any amounts withheld from income. ↩